IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY ALLEN SINYARD,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | **3:11-cv-01398-KOB-JEO** |
| **WARDEN MITCHIM and THE** | ) | |
| **ATTORNEY GENERAL OF THE** | ) | |
| **STATE OF ALABAMA,** | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Jeffrey Allen Sinyard is serving concurrent life sentences in Limestone Correctional Facility following his conviction for reckless murder and second-degree assault in the Circuit Court of Lauderdale County. He filed a petition for a writ of habeas corpus with this court on April 25, 2011. *See* 28 U.S.C. § 2254. (Doc. 1).[1] After preliminary review, the magistrate judge assigned to this case issued a report and recommendation finding that the petition was due to be denied and dismissed with prejudice. (Doc. 17). On June 22, 2012, Sinyard objected to the magistrate judge's determination. (Doc. 18 & 19). For the reasons stated below, this court finds that the Report and Recommendation is due to be ADOPTED and the petition DISMISSED WITH PREJUDICE.

## BACKGROUND

In the habeas petition, Sinyard alleges four grounds for relief: (1) prosecutorial misconduct before the grand jury; (2) a violation of his substantive due process rights because "the entire petit [j]ury pool was, in all likelihood, prejudiced" against him by "prejudicial verbage

---

[1] References herein to "Doc. ___" are to the electronic numbers assigned by the Clerk of the Court.

[sic] stated by a potential juror"; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. (Doc. 1-1 at 5, 12, 15, 23; Doc. 5, and Doc. 9). In the report and recommendation, the magistrate judge found that the petition was due to be dismissed with prejudice because all of his claims were procedurally barred for failing to seek certiorari review during the post-conviction process and also were without merit. (Doc. 17 at 13).

## ANALYSIS

In his objection to the report and recommendation, petitioner first argues that his claims are not procedurally barred. Petitioner asserts multiple times that he is unable to read and write and this inability should excuse any default. (Doc. 18 at 1, 5, 13–14). However, the magistrate judge found that the "record is replete with numerous, lengthy filings in the State courts raising and arguing various matters. His [Sinyard's] failure to seek *certiorari* review is not excusable under the circumstances." (Doc. 17 at 11). The undersigned agrees: petitioner has been able to advance his claims through out the post-conviction process. To the extent he asserts in the objection that if he had "sought certiorari review, the time such would have consumed would have caused the remaining few days to seek federal review to run out," the court is not impressed. (Doc. 18 at 6). This review time is excluded under the statute of limitations when a State petition for review is timely filed. *See* 28 U.S.C. § 2244(d)(2).

Petitioner next argues that his "failure to exhaust all availible [sic] state court remedies is not an absolute bar to [f]ederal [h]abeas [c]orpus review." (Doc. 18 at 7). This objection is without merit for two reasons. First, for Sinyard to establish cause for a procedural default, he must show that "something external to the petitioner, something that cannot fairly be attributed to him[,] ... 'impeded [his] efforts to comply with the State's procedural rule.'" *Maples v. Thomas*,

2

___ U.S. ___, 132 S. Ct. 912, 922 (2012) (internal citations omitted).  This he has failed to do.²

Second, he has failed to demonstrate adequate prejudice.  The magistrate judge found that "Sinyard failed to show prejudice sufficient to overcome his procedural default as to any claim."  (Doc. 17 at 7).  Nothing in the objection warrants a contrary finding.

Sinyard also makes conclusory arguments that he is actually innocent.  In support of this claim, he argues that the State failed to produce medial records supporting that the assault victim, Derek Smith, was treated for a gun shot injury; the testimony of the assault victim was incredible; and, he (Sinyard) had "an eye witness who[] saw someone shoot a long rifle from a house during the alleged assault and murder."  (Doc. 18 at 7-8).  After review of the record, including the trial transcript, the magistrate judge determined that medical records were unnecessary because the assault victim testified as to the events and his injuries, and Sinyard's alleged eye-witness testimony was self-serving and, therefore, due be afforded little weight in light of contradictory testimony of other eye witnesses.  (Doc. 17 at 13).  Consequently, the magistrate judge found "Sinyard has not demonstrated that 'it is more likely than not that no reasonable juror would have convicted him.'"  (*Id*. (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Sinyard has failed in his objection to present anything demonstrating that he is actually innocent.  This objection, therefore, is without merit.³

---

²The magistrate judge additionally reviewed the Supreme Court's recent decision and its application to petitioner's case, which held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012).  However, Sinyard's default did not occur during the initial-review proceeding; therefore, he does not qualify under the *Martinez* exception.

³The court notes that the purported exculpatory testimony is not new evidence supporting a claim of actual innocence.  To the contrary, the record demonstrates that the witness, Darrin (a.k.a Darren) Wigginton, was not called by trial counsel because two witnesses "identified Darrin Wigginton as a participant in the events." (Doc. 14-15 at 28 of 61).  Thus, his testimony would have been of little value.

**CONCLUSION**

In sum, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and petitioner's objections, the court finds that the magistrate judge's report is due to be adopted and approved.  The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court.  In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed with prejudice.  An appropriate order will be entered.

**DONE and ORDERED** this 15th day of August, 2012.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE